OPINION of the Court, by
Ch. J. Bibb.
— The plaintiff declared for breach of covenant assigned to him, in which the defendant was bound to pay eighty-two and a half dollars worth of plating saddle trees, twenty dollars thereof in five weeks after the date of the covenant, and twenty dollars every succeeding month until the whole should be paid; the covenantee to find the saddle trees, and the covenantor to plate them at the customary prices ; he then averred that the assignor before, and the assignee after, assignment, did furnish the saddle trees, but the covenantor had broken his covenant, &e. assigning the breach in the words of the covenant.
The defendant pleaded that the saddle trees had not been furnished by the assignor or assignee. To this the plaintiff replied that the defendant before and at the time said saddle tyees were to have been plated, departed *431 and left bis usual place of residence for a long time, viz. for ten months, and that the plaintiff did at the shop of the defendant furnish the trees, agreeably to the times and terms of said covenant, but that neither the defendant nor any one on his behalf, was there ready to receive them ; to this the defendant rejoined that he did not before and at the time the saddle t^ees were to have been furnished, depart from the country, and leave no person at his shop to do the plating, and remain absent for ten months, but that he did remain at his shop by his agent ready to do the work, but that the plaintiff did not to his knowledge or that of his agent, tender or deliver the trees so as to enable him to do the work ; and for that he appealed to the country, and the plaintiff did the like.
On the trial the defendant moved to nonsuit the plaintiff, because the evidence did not shew a cause of action : the court thereupon instructed the jury that it was incumbent on the plaintiff to have done the first act by carrying the saddle trees to the usual place of residence and not to the shop of the defendant, and leave them there a reasonable time, and then if they had not been plated he might have browght his action, and not before, and that it was incumbent on the plaintiff to car-* ry his trees to the defendant’s residence, although he knew he was not at home. To these instructions, the plaintiff took his bill of exceptions, stating the whole of the evidence, which bill was sealed and enrolled. The jury found for the defendant ; and judgment was accordingly given.
The parties have rambled into a prolixity of pleading, but it is not our duty to inquire into the strict propriety thereof, since the parties have joined issue to the country, and the errors assigned relate only to the opinions of the court delivered in their instruction to the jury. It appears in evidence that the defendant in six or seven days after the date of the covenant, went to the state of Ohio, where he remained about four or five weeks, leaving at his departure a workman at his shop who staid only about seven days ; that after his return from Ohio, he staid about two or three weeks and did some little work in his shop, he then went to Cumberland, staid four or five weeks, returned, staid about two weeks, then went to the state of Ohio, where he *432 staid much longer than he did the first time. One wit» ness deposed that his shop was near to the defendant’s shop and that it had been idle ever since the workman departed who was left by the defendant when he made his first trip to Ohio ; except once when the defendant hired a man for a few days to work in it. It appears that the defendant was but a boarder in a house kept near to his shop ; that the plaintiff had carried a number of saddle trees to the shop to get them plated, but that no person was m the shop ; that he went in search of the defendant at the house where he had boarded, distant about sixty yards from the shop, the witness staying at the shop until the plaintiff returned and said the defendant had not come home ; that the witness and the plaintiff then took the saddle trees to another shop to get them plated.
That the shop was the proper place to tender the saddle trees on which the defendant was to bestow labor in the way of his trade, seems reasonable ; and it would seem that the common sense of mankind would declare that the materials on which a tradesman was to labor in the way of his trade, ought to be delivered to him at the shop in which he usually wrought. The parties understood it so in the present case, and made up an issue upon tender or no tender at the shop : therefore the opinion of the court upon this subject was erroneous ; the evidence respecting the tender at the shop was directed at and strictly applicable to the issue joined.
One of the assignments of error supposes that the court erred in their instruction that the plaintiff was at all bound to furnish the trees, much less to let them remain at the residence of the defendant a reasonable time, when the plaintiff knew the defendant was not at home. But the question, as applicable to this particular case, does not occur, because the declaration and replication of the plaintff, both insist on a tender of the trees, and none of the pleadings are calculated to embrace the question whether a known and habitual absence, if it had been averred, might not have amounted to a sufficient excuse for not making a tender, and consequently to a legal cause of action.
Upon the whole, we think that generally the shop of a tradesman is the place to deliver the materials in which he is to work at his trade ; that a single tender, at a shop *433 which happened to be shut or vacant by a temporary absence of the tradesman for a short period, would not suffice ; for tradesmen, more than other men, are not bound to perpetual attendance ; that in such case good faith and fair dealing would require that if the tradesman was not habitually absent, nor mrmindful of his business, that the person making the tender ought either to search for and inform the tradesman he had brought the materials, and require of him to go and receive them at that time, or else to make a tender to him when iu bis shop. In this case it appears the defendant was but a boarder, not a housekeeper, that he was habitually absent, leaving his shop idle, and therefore the evidence was proper to be left to the jury for them to consider whether the tender was not reasonable and sufficient under the circumstances proved ; and that the court erred in the opinions delivered on the subject of the tender.
Judgment reversed.